UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL J.P., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-CV-6189-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I. Factual and Procedural History

Plaintiff filed claims for DIB and SSI in April 2017, alleging disability beginning on November 1, 2016. Dkt. 11, Administrative Record ("AR") 366–85. After his applications were denied at the initial level and on reconsideration, he requested a hearing before an ALJ. AR 152–53, 184–85, 229–30. Hearings took place on November 2, 2018; March 26, 2019; and July 18, 2019; and the ALJ heard testimony from Plaintiff and from vocational experts. AR 56–151. Plaintiff was unrepresented at the November hearing but was represented by counsel at the March and July hearings. *See* AR 58, 74, 97. The ALJ issued an unfavorable decision denying benefits. AR 12–42. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 363–65.

Plaintiff appealed to this Court, which reversed the Commissioner's decision. AR 1543–64. In accordance with the Court's order, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings. AR 1565–69. Another hearing took place on July 25, 2023. AR 1462–1506. After the hearing, the ALJ issued an unfavorable decision denying benefits. AR 1422–61. Plaintiff again appealed to this Court. *See* Dkts. 1, 6, 9.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III. Discussion

Plaintiff argues the ALJ erred in evaluating certain medical evidence and Plaintiff's testimony about the severity of his symptoms, leading to an erroneous RFC and step five findings. Dkt. 17 at 2. He contends the proper remedy for these errors is remand for further proceedings. *Id.* at 19.

#### A. *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in evaluating certain medical evidence in the record, including medical opinion evidence from Brent Packer, M.D. *Id.* at 3.

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

On March 24, 2017, Dr. Brent Packer reviewed Plaintiff's medical records from Mason General Family of Clinics and evaluated his physical functional limitations based on those records. AR 740–43. Dr. Packer opined Plaintiff's diagnoses of degenerative disc disease, diabetes mellitus, and hepatic steatosis were supported by the available medical evidence, citing treatment notes dated July 8, 2016, to March 6, 2017. AR 740, 743. He found Plaintiff had

marked environmental/non-exertional and postural restrictions. AR 742. Dr. Packer opined Plaintiff would need to sit for most of the day and could walk or stand for only brief periods. He found Plaintiff would be limited to less than sedentary work due to his impairments. *Id.* Dr. Packer explained:

> Recommend "5" severity for L2 radiculopathy with weakness, related to disc protrusion, confirmed by the 3/6/17 MRI. Obesity is reasonable at "4" severity. Severity equals SSA listing 1.04A. In combination, impairments would cause [claimant] to be unlikely to pace and persist over a 40 [hour] workweek. The overall less than sedentary rating is reasonable as given on forms.

AR 740.

The ALJ found Dr. Packer's opinion not persuasive, stating it was inconsistent with the longitudinal record and with the opinion of consultative examiner Hayden Hamilton, M.D., whose opinion the ALJ found persuasive. AR 1449. Specifically, the ALJ found Dr. Packer's opinions regarding Plaintiff's diabetes symptoms and complaints of back pain inconsistent with the record. *Id.*

The ALJ first addressed Plaintiff's diabetes symptoms:

> [Dr. Packer's] opinion is based in part on the claimant's diabetes symptoms. While the claimant at times mentions episodes of hypoglycemia or concerns of them to providers, his treatment records and reports to treating medical providers do not show that they persist or would limit his ability to work. Treatment records simply do not substantiate the allegation that the claimant experiences many periods of low blood sugar preventing him from working and causing him to almost pass out.

*Id.* (internal citations omitted). The ALJ provided two citations to the record in support of his statement that Plaintiff "at times mentions episodes of hypoglycemia or concerns of them to providers[.]" *Id.* (citing AR 669, 1319). The first citation is to a single page of an emergency department note dated August 17, 2017, at which Plaintiff presented with suicidal ideation and did not appear to mention hypoglycemia. AR 669. The second citation referenced a separate emergency department note following an acute hypoglycemic episode while Plaintiff was at

work. AR 1319. Plaintiff described "feeling sweaty" and almost passing out. *Id.* The provider noted "[a]n ambulance was called and his sugar was 62 at the scene. . . . Usually his sugars run around 170." *Id.*

Although Dr. Packer referenced the episode of hypoglycemia causing Plaintiff to "almost pass out" at work, he did not opine that Plaintiff experienced "many periods of low blood sugar." Nor did Dr. Packer indicate that Plaintiff's diabetes symptoms alone would limit his ability to work. Rather, Dr. Packer specified that Plaintiff's impairments "[i]n combination" would affect his ability to complete a normal work week. AR 740. Accordingly, this reason for discounting the persuasiveness of Dr. Packer's opinion is not supported by substantial evidence.

The ALJ then addressed Plaintiff's "back complaints:"

> Dr. Packer's assessment regarding the claimant's back complaints is inconsistent with the consultative examiner's opinion, which is persuasive for the reasons discussed above. Dr. Packer mentions lower extremity weakness, numbness, and positive straight leg raise; however, while the claimant at times exhibited these, it was not consistent, and they do not establish the claimant would be limited to less than sedentary abilities. Neurology workup and evaluation further indicate his apparent weakness was not caused by his lumbar spine or other neurological issue, as Dr. Packer otherwise suggests in opining the severity of his impairments equal listing 1.04A. The claimant instead was encouraged to seek mental health treatment for this.

AR 1449–50 (internal citations omitted).

The ALJ states that Plaintiff's symptoms of lower extremity weakness, numbness, and positive straight leg raise were "not consistent," citing to three pages of medical records and to Dr. Hamilton's evaluation of Plaintiff. AR 1450 (citing AR 606, 1303, 1305, 1346–51). But these records make clear that Plaintiff did not claim to experience these symptoms constantly. *See* AR 605 ("He says that when he is standing for long periods of time he begins to have shooting pain in his lower back that travels down the backs of his thighs and causes numbness in his legs. . . . He denies any numbness or tingling of any extremities currently."), 1303 (noting

"intermittent lower back pain with radicular-like symptoms" and weakness "which is worse when he stands"), 1305 (noting "some ongoing lower back pain and now intermittent radiculopathy and paresthesia to the feet"). The ALJ then summarily states that these symptoms "do not establish the claimant would be limited to less than sedentary abilities" without discussing Plaintiff's reports that the symptoms worsened with standing. Although the ALJ is responsible for resolving conflicts and ambiguities in medical evidence, *see Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020), the concurrent duty to set forth his reasoning in a way that allows for meaningful review requires "build[ing] an accurate and logical bridge from the evidence to [the ALJ's] conclusions[.]" *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). The ALJ did not do so here.

The ALJ also cited to three pages of records regarding neurological findings that he found contradicted Dr. Packer's opinion. The latter two citations, which included the reference to the neurologist's suggestion that Plaintiff seek mental health treatment, were to notes from follow-up visits after a suspected stroke in January 2023. AR 2059, 2063. The note from Plaintiff's May 5, 2023, visit states that he had seen a neurologist for "expressive aphasia and stroke[-]like symptoms" who informed him "he should see psych as the symptoms were not due to a neurological result." AR 2059. When Dr. Packer reviewed Plaintiff's records in 2017, Plaintiff was reporting symptoms of lower back pain with weakness and numbness in his legs. *See* AR 605, 1303, 1305. Because the records referenced by the ALJ cite to different symptoms and impairments than those reviewed by Dr. Packer, they do not provide support for the ALJ's finding that Dr. Packer's opinion was inconsistent with the record.

The third note the ALJ cited as contradicting Dr. Packer's opinion, dated April 28, 2017, references "an MRI of [Plaintiff's] lumbar spine which is essentially unremarkable for

significant findings to identify the cause of his lower extremity weakness." AR 611. The note includes the diagnostic results from the MRI, which was performed on March 6, 2017. AR 612–14. The physician who performed the MRI included the following impressions: "Left paracentral disc protrusion at L1-2 which narrows the left lateral recess and crowds the left L2 nerve roots. Overall spinal canal narrowing is mild. Mild multilevel facet arthritis. Lumbar canal is congenitally at the lower limits of normal in size." AR 614. Plaintiff's treating provider directed him to follow up with his neurologist for a previously ordered brain MRI and wrote, "I'm uncertain the cause of his lower extremity issues but I highly suggest a nerve conduction study and EMG test to further evaluate if there is actually any nerve damage and issues related to this[.]" AR 612.

Although Plaintiff's treating provider characterized the MRI results as "essentially unremarkable," neither this provider nor the neurologist definitively concluded, as the ALJ wrote, that Plaintiff's "apparent weakness was not caused by his lumbar spine or other neurological issue[.]" The MRI results do note some abnormalities in Plaintiff's lumbar spine, and, although Plaintiff's provider did not conclude these abnormalities were the cause of Plaintiff's symptoms, she does not appear to have ruled out related nerve damage. *See* AR 611–12. Dr. Packer came to a different conclusion when reviewing the record, opining that the disc protrusion noted on the MRI was related to Plaintiff's lower extremity weakness, numbness, and pain. AR 740. Again, although the ALJ should resolve conflicts in the medical evidence, *see Ford*, 950 F.3d at 1149, the ALJ's explanation for rejecting a medical opinion must be supported by substantial evidence in the record. *Woods*, 32 F.4th at 792.

Here, because the ALJ's reasons for finding Dr. Packer's opinion unpersuasive are not supported by substantial evidence, the ALJ erred. This error was not harmless. Had the ALJ

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

properly considered Dr. Packer's opinion, the RFC may have included additional limitations or the ultimate determination of disability may have changed. Accordingly, reversal is appropriate.[2]

B.  *Remaining Issues*

Plaintiff further contends the ALJ failed to properly evaluate his testimony about the severity of his symptoms and that the RFC and step five findings are not supported by substantial evidence. Dkt. 17 at 2. As noted above, the Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and remand for further proceedings is appropriate. Due to this error, the ALJ must re-evaluate all the medical evidence on remand. Because Plaintiff may be able to present new evidence and new testimony on remand and the ALJ's reconsideration of the medical evidence may impact the assessment of Plaintiff's testimony, the ALJ must also reconsider this evidence on remand.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the medical evidence and Plaintiff's subjective symptom testimony. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

---

[2] Because the Court finds harmful error in the ALJ's consideration of Dr. Packer's opinion, the Court need not address the other challenged medical opinion evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning November 1, 2016. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 3rd day of October, 2024.

David W. Christel
United States Magistrate Judge